UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL WALTER STOKES,<br><br>        Plaintiff,<br><br>                v.<br><br>HART,<br><br>        Defendant. | CAUSE NO. 3:19-CV-157-RLM-MGG |

OPINION AND ORDER

Samuel Walter Stokes, a prisoner without a lawyer, was granted leave to proceed on a single claim against Ms. C.O. Hart for retaliating against him for filing a grievance against her on February 21, 2019, by directing another officer to file a disciplinary complaint against him, in violation of the First Amendment. ECF 32; ECF 35. The defendant filed this motion for summary judgment, arguing that Mr. Stokes failed to exhaust his administrative remedies. Mr. Stokes filed several responses to the motion (ECF 72; ECF 75; ECF 81; ECF 82) and several requests for appointment of counsel (ECF 75; ECF 76; ECF 79; ECF 80).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts

in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners must exhaust available administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). A remedy's availability isn't a matter of what appears "on paper," but rather whether the process was actually available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." Id. In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use

affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

The grievance policy for the Indiana Department of Correction provides that, before filing a grievance, an offender must try to resolve a complaint informally. ECF 62-1 at ¶ 10. If the inmate can't resolve the complaint informally, he may file a formal grievance. *Id.* at ¶ 11. The grievance specialist must review the grievance within five business days and either accept it or reject it. *Id.* at ¶ 15. If accepted, the grievance is logged into a computer system and becomes a part of the offender's grievance history. *Id.* If rejected, the grievance is returned to the offender with an explanation using State Form 45475. *Id.*

On offender who is unsatisfied with the response to the formal grievance may appeal to the Warden or his designee using State Form 45473 ("Offender Grievance Appeal") within five days of receiving a response or, if no response is received, within twenty business days of submitting the grievance. *Id.* at ¶ 16. Finally, an inmate who is still dissatisfied with the response to the appeal must check the "disagree" box, sign, and submit the completed State Form 45473, ("Offender Grievance Appeal"( to the Offender Grievance Specialist within five business days of receipt of the appeal response. *Id.* at ¶ 17. Each offender is advised of the grievance procedure during orientation, and a copy of the procedure is available at the law library. *Id.* at ¶¶ 20-21.

Mr. Stokes was at the Westville Correctional Facility from August 17, 2018, until August 13, 2019. *Id.* at ¶ 23. According to the grievance records, he submitted eleven formal grievances while at the Westville Correctional Facility.

*Id.* at ¶ 26. Mr. Stokes was charged with lingering on the walk upon his return from getting legal mail March 18, 2019. ECF 62-1 at ¶ 30; ECF 62-4. This is the conduct violation that he alleges was issued in retaliation for filing a lawsuit against the defendant. *See* 62-6 at 4; ECF 32 at 10. The two grievances filed closest in time to that incident are a February 21, 2019, grievance and an April 11, 2019, grievance. ECF 62-1 at ¶ 27; ECF 62-4; ECF 62-5; ECF 62-7; ECF 62-8.

The February 21, 2019, grievance alleges that the defendant called Mr. Stokes a "snitch." *Id.* at ¶ 27; ECF 62-4. But this grievance happened before the alleged retaliation at issue in this case. In fact, this is the grievance that Mr. Stokes alleges fueled the defendant's later retaliation. ECF 32; ECF 35.[1]

The April 11, 2019, grievance asserted a variety of complaints. ECF 62-1 at ¶ 31; ECF 62-9 at 4. Mr. Stokes complained that he was "constantly being physically attacked by Westville authorities and personnel." ECF 62-9 at 4. He indicated that he was being retaliated against by having his mail tampered with, being removed from a G.E.D. program, being subjected to medical holds, being moved to disciplinary or idle status, being convicted of disciplinary cases, and by not being allowed to visit the law library. *Id.* This grievance doesn't name the defendant; it doesn't indicate that an officer directed another officer to bring a disciplinary charge in retaliation for filing a grievance. *Id.* The grievance was rejected because it concerned classification or a disciplinary hearing, which are

---

[1] Furthermore, this court's screening order specifically addressed the allegations raised in this grievance and found that Mr. Stokes hadn't stated a claim upon which relief could be granted. ECF 35 at 3.

4

both appealed using a different process. ECF 62-1 at ¶ 32; ECF 62-9 at 3. Mr. Stokes didn't appeal that determination. ECF 62-1 at ¶ 33.

In his numerous response briefs,[2] Mr. Stokes, argues – in a nutshell - that he tried to exhaust his administrative remedies and that it's unfair to permit the defendant to win on a technicality. ECF 72; ECF 75; ECF 81; ECF 82. First, the exhaustion requirements isn't a mere technicality. It serves a purpose.

> The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. The PLRA also was intended to reduce the quantity and improve the quality of prisoner suits.
>
> Requiring proper exhaustion serves all of these goals. It gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors.
>
> \* \* \*
>
> Proper exhaustion reduces the quantity of prisoner suits because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court. Finally, proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.
>
> \* \* \*
>
> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the

---

[2] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response. Nonetheless, in the interest of justice, and considering Mr. Stokes's *pro se* status, each of his responsive filings will be addressed.

>  system's procedural rules unless noncompliance carries a sanction[.]

Woodford v. Ngo, 548 U.S. 81, 93–95 (2006) (quotations, citations, and footnotes omitted).

Mr. Stokes argues that he tried to exhaust his administrative remedies by filing multiple grievances and even grievances about grievances. ECF 72. But he hasn't directed the court to any grievance that he submitted – or even tried to submit – that alleges that Correctional Officer Hart retaliated against him by having another officer bring a disciplinary charge against him.

Mr. Stokes claims that the informal resolution grievance slips were taken away, so he used a request slip, as directed by the law library staff, to complete the informal step of the grievance process. ECF 72. The April 11, 2019, grievances indicates that his informal resolution was returned to him before filing, and the issue isn't whether he completed the informal step of the process before filing the April 11, 2019, grievance. The issue is whether he tried to resolve his grievance with Correctional Officer Hart, and nowhere does Mr. Stokes state that he did so.

Mr. Stokes also claims that he couldn't appeal because his grievance was rejected. ECF 72. That isn't the problem, either. The problem is that Mr. Stokes didn't file a formal grievance that notified the state of the nature of his problem and gave them a chance to take corrective action. The primary purpose of exhaustion requirement "is to alert the state to the problem and invite corrective action." Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013) (internal quote marks and citation omitted). The claims raised in a grievance need not be set

forth in a great degree of factual particularity, but the grievance must "alert[ ] the prison to the nature of the wrong for which redress is sought[.]" Westefer v. Snyder, 422 F.3d 570, 580 (7th Cir. 2005) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The April 11, 2019, grievance didn't name the defendant, which might not be a problem by itself. *See* Taylor v. Sutterer, No. 19-CV-00044-NJR, 2020 WL 1139677, at *4 (S.D. Ill. Mar. 9, 2020) ("Although Dr. Siddiqui is not named, this grievance also provided notice that Taylor was not receiving appropriate care for his eyes by Wexford Staff, which includes Dr. Siddiqui, and afforded Dr. Siddiqui an opportunity to correct problems with Taylor's medical care."). The April 11, 2019, grievance also didn't allege that any officer (the defendant included) had another officer initiate the disciplinary proceeding in retaliation for engaging in protected speech of any kind. It alleged only that Mr. Stokes was convicted of a disciplinary offense in retaliation for some unspecified action. In short, the April 11, 2019, grievance didn't include facts that could have alerted the state to the nature of Mr. Stokes's complaint.

Mr. Stokes doesn't claim that he was prevented from filing a formal grievance on this issue, and he has produced no evidence that he did so. Mr. Stokes hasn't pointed to evidence showing that he exhausted his administrative remedies before initiating this lawsuit. The undisputed evidence shows that Mr. Stokes was informed of the requirements to exhaust his administrative remedies, but he filed this lawsuit without exhausting those remedies. There is no evidence that the grievance process was made unavailable to Mr. Stokes. Summary judgment must be granted.

As a final matter, this court must address Mr. Stokes's many requests for appointment of counsel. ECF 75; ECF 76; ECF 78; ECF 80. Mr. Stokes notes that he has tried unsuccessfully to obtain counsel on his own, that he has only an eighth-grade education, that he is mentally disabled, and that his law library access has been limited. Mr. Stokes also asserts that the law library was closed for many months and, even when opened, has inadequate resources. ECF 79.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Mr. Stokes has demonstrated that he tried to obtain counsel on his own, the court declines to recruit counsel because he is competent to litigate this case himself. The exhaustion issue isn't complex. The relevant facts are within Mr. Stokes's knowledge and he has presented them to the court. To the extent that Mr. Stokes's responses didn't comply with the rules, the shortcomings were overlooked in the interests of justice. Though he has lost on summary judgment, it is not the result of incompetence – Mr. Stokes made cogent arguments and advocated vigorously for his position. Rather, Mr. Stokes lost on summary judgment because the facts clearly demonstrate that he did not exhaust his administrative remedies before filing this lawsuit and that his failure to exhaust wasn't excused. The outcome wouldn't have been different if Mr. Stokes had been represented by counsel.

For these reasons, the court:

(1) DENIES Samuel W. Stokes's requests for counsel (ECF 75; ECF 76; ECF 79; ECF 80);

(2) DENIES Samuel W. Stokes's Motion in Objection of Dismissal Due to Grievances (ECF 82);

(3) GRANTS the defendant's motion for summary judgment (ECF 62);

(4) DISMISSES this case without prejudice; and

(5) DIRECTS the Clerk to close this case and enter judgment accordingly.

SO ORDERED on April 29, 2020

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT